■       In the Matter of the Claim of JOSEPH RIZZO, Respondent, against MARTIN ILACQUA et al., Appellants, and ANDES RANGE & FURNACE CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Martin Ilacqua, employer, and the insurance carrier, from a decision and award of the Workmen's Compensation Board. It is undisputed that claimant sustained accidental injuries to his back in 1944 while he was employed by Andes Range & Furnace Corp., and that he sustained further accidental injuries to his back on July 19 and August 9, 1949, while employed by appellant. A disability award has been made and assessed equally against the carrier for Ilacqua and the carrier for Andes. Claimant worked for the City of Geneva from March, 1946 to March, 1947, and it is appellants only contention that one third of the award should be assessed against the City of Geneva. The board has denied an award against the City of Geneva on the ground of late filing under section 28 of the Workmen's Compensation Law. The claim against the City of Geneva should not have been disallowed on that ground because the city waived the late filing by not making a timely objection thereto under the provisions of section 28. However, the award should be sustained upon other grounds which are adequately supported by the record and by decisions of the board, and we do not deem it necessary to remit the matter simply because the board gave a wrong reason for disallowing the claim against the City of Geneva. Claimant did not file any claim against the City of Geneva until he was directed to do so by a Referee, and at no time has he claimed that he sustained accidental injuries while employed by the city. While he was employed by the city there were several incidents when he felt pain in his back. However, nothing happened to him on these occasions, and he testified that he had suffered pain in his back continuously since his original 1944 injury. The board could readily find as a question of fact that claimant suffered no accident while employed by the city, and, in fact, did so find in a memorandum of decision. The formal findings prepared by the Attorney-General did not contain such an express finding, but did contain findings that claimant's disability is due to and the result of the accident of 1944 and the two accidents in 1949. Reading these findings together with the board's memorandum of decision clearly makes out a decision and determination that claimant's disability is not due to any accident sustained while working for the city, and such a determination is supported by the evidence. Award unanimously affirmed, with costs to respondent City of Geneva against appellants. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.